IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN FRAZIER PAYNE,<br><br>Defendant. | Case No. 25-CR-00168-SEH |

## OPINION AND ORDER

Before the Court is Defendant Jordan Frazier Payne's Motion to Dismiss Count One of the Indictment. [ECF No. 32]. For the reasons set out below, the motion is granted.

**I. Procedural Background**

A federal grand jury charged Payne through a superseding indictment with second degree murder in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, and 1111 (count one), and child neglect in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, and 13; and 21 O.S. § 843.5(C) (count two). [ECF No. 27]. The second degree murder in Indian Country charge reads:

> From on or about October 15, 2024, to on or about October 19, 2024, within Indian Country in the Northern District of Oklahoma, the defendant, JORDAN FRAZIER PAYNE, a non-Indian, with malice aforethought unlawfully killed MV, an Indian child known to the Grand Jury, by causing blunt force trauma to

>MV's head.
>
>>All in violation of Title 18, United States Code, Sections 1151, 1152, and 1111.

[*Id.* at 1].

Payne moves to dismiss this count under Fed. R. Crim. P. 12(b)(3)(B)(iii). [ECF No. 32]. He argues that count one is legally and constitutionally defective because it lacks specificity and fails to put him on fair notice of the crime charged. [*Id.* at 1]. Payne specifically contends that the charging language is insufficient because it "does not indicate by which of the four ways the government intends to prove that [he] acted with malice aforethought." [*Id.* at 5]. Further, Payne argues that presenting proof to a petit jury "regarding 'malice aforethought' that was not presented to the grand jury" would constructively amend the indictment. [*Id.*].

In response, the government argues that the count sufficiently informs Payne of the charged crime, "allows [him] to prepare a defense, avoid prejudicial surprise at trial, and precludes a second prosecution of the same offense." [ECF No. 35 at 1]. The government claims that the charging language is sufficient under Fed. R. Crim P. 7(c)(1) and conforms to minimal constitutional standards because it sets forth the elements of the offense and notifies Payne of the date, place, and manner of the victim's death. [*Id.* at 2–3]. Further, the government argues that the count places Payne on notice of

the crime with which he is charged because it alleges the elements of the offense without further defining malice aforethought. [*Id.* at 3–6]. In support, the government points to the Tenth Circuit pattern jury instruction for second degree murder and contends that the "four ways in which malice aforethought can be completed are not included in the body of the instruction." [*Id.* at 9]. The government argues that the four ways of killing with "malice aforethought" are means of committing the offense as opposed to required elements. [*Id.* at 4]. Last, the government asserts that the indictment would not be constructively amended upon presentation of its theory of how Payne acted with malice, because the grand jury found probable cause that Payne unlawfully killed the victim with malice aforethought. [*Id.*].

## II. Discussion

### A. *Count one fails to provide fair notice to Payne of the second degree murder charge against him.*

"The obligation to provide notice in an indictment originates from a defendant's Sixth Amendment right to be informed of the nature and cause of the charge against them." *United States v. Sweet*, 107 F.4th 944, 956 (10th Cir. 2024) (citing U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation ...."); *United States v. Prentiss*, 206 F.3d 960, 964 (10th Cir. 2000)).

3

The Fifth Amendment demands inclusion of all the elements of an offense in an indictment, to ensure that "the grand jury has considered and found all the elements to be present." *Id.* (citing U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury ...."); *Prentiss*, 206 F.3d at 964). The "specific pleading standards and procedural requirements for indictments are outlined in the Federal Rules of Criminal Procedure." *Id.*

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged ...." Fed. R. Crim P. 7(c)(1). It is constitutionally sufficient when it "sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Garcia-Limon*, 146 F.4th 885, 894 (10th Cir. 2025) (cleaned up). "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009).

However, when a statute's text does not itself "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished," more specificity is required. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quotation

omitted). In these circumstances, a statement of the facts and circumstances must accompany the statutory language so the accused will be adequately informed of the charged offense. *Id*. at 117–18 (quotation omitted). "The cases in which an indictment that parrots the statute is held to be insufficient turn on a determination that the factual information that is *not* alleged in the indictment goes to the very *core of criminality* under the statute." *Sweet*, 107 F.4th at 958 (quoting *United States v. Kay*, 359 F.3d 738, 756–57 (5th Cir. 2004) (emphasis in original)).

Here, Payne argues that count one of the superseding indictment must be dismissed because it fails to inform him which of the four ways the government "intends to prove [he] acted with malice aforethought." [ECF No. 32 at 5]. The federal murder statute, 18 U.S.C. § 1111(a) provides:

> (a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree. Any other murder is murder in the second degree.

"Thus, second-degree murder is the 'killing of a human being with malice aforethought,' but without the specific circumstances required for first-degree

5

murder." *United States v. Kepler*, 74 F.4th 1292, 1297–98 (10th Cir. 2023). "Second degree murder is the catch-all murder offense." *United States v. Serawop*, 410 F.3d 656, 663 (10th Cir. 2005).

"Malice" is the mens rea element of second degree murder. *Kepler*, 74 F.4th at 1298. "The 'mens rea' is '[t]he state of mind that the prosecution, to secure a conviction, must prove that a defendant had when committing a crime.'" *Id.* at n.3 (quoting *Mens Rea*, Black's Law Dictionary (11th ed. 2019)). Because 18 U.S.C. § 1111(a) does not define "malice," courts "use common law legal principles to derive its meaning." *Id.* at 1298. The Tenth Circuit has defined this mental element "as requiring either (1) general intent to kill, (2) intent to do serious bodily injury, (3) depraved heart recklessness; or (4) a killing in the commission of a felony that is not among those specifically listed in the first degree murder statute." *Serawop*, 410 F.3d at 663 (citing *United States v. Pearson*, 203 F.3d 1243, 1271 (10th Cir. 2000) (footnotes omitted). "These mental states make up the core murder intent." *Id.*

Payne contends that the government must inform him in the indictment which of the four ways it alleges he acted with malice aforethought. [ECF No. 32 at 5]. The government argues that the indictment sufficiently informs Payne of the required elements of the offense because it alleges that Payne unlawfully caused the death of the victim "with malice aforethought." [ECF No. 35 at 5]. Although the Court appreciates that an indictment is generally

6

sufficient when it "conforms to the statutory wording," *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983), more specificity is required when "information … *not* alleged … goes to the very *core of criminality* under the statute," *Sweet*, 107 F.4th at 958. And the Tenth Circuit has recognized that the four mental states of malice "make up the core murder intent." *Serawop*, 410 F.3d at 663.

The parties present no binding authority directly addressing whether indictments require more specificity when charging the mens rea element of second degree murder. However, both the Eastern District of Oklahoma and this district have recently examined the issue. The Court finds these opinions persuasive.

First, Gary Wayne Fraser was charged through an indictment in the Eastern District of Oklahoma with one count of second degree murder. *United States v. Fraser*, 23-CR-175-JFH, 2024 WL 519720, at *1 (E.D. Okla. Feb. 9, 2024) ("Fraser I"). The indictment charged Fraser with killing the victim "with malice aforethought" but did not specify the mens rea element any further. *Id*. The court dismissed the indictment, finding that "malice aforethought," by itself, did not "fully set forth all the elements necessary to constitute the offense." *Id*. at *2. The court reasoned that the indictment failed to put Frazer on fair notice of the charge he faced because it did not indicate "which of the four ways the Government intend[ed] to prove [Frazer]

7

acted with malice aforethought[.]" *Id*. In support of its decision, the court quoted *Russell v. United States*, 369 U.S. 749, 764 (1962): "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id*.

The government superseded the indictment, amending the charge to include Frazer "unlawfully kill[ed] [the] Victim by a motor vehicle collision." *United States v. Fraser*, 24-CR-038-JFH, 2024 WL 3589758, at *1 (E.D. Okla. June 11, 2024) (Frazer II). The court found this insufficient because the additional information about how the victim was killed "by itself, d[id] not establish that [Frazer] intended to kill without premeditation and deliberation, intended to do serious bodily injury, acted with a depraved heart, or killed while in commission of a felony not otherwise enumerated in 18 U.S.C. § 1111." *Id*. at *4. The court again dismissed the indictment under Fed. R. Crim. P. 12(b)(3)(B)(iii) because more was required to put Frazer "on fair notice of the charges against him." *Id*.

More recently, Jason Lynn was charged through an indictment with second degree murder in Indian country in this district. *United States v. Lynn*, 25-CR-38-JDR, 2025 WL 1582745, at *1 (N.D. Okla. June 4, 2025). As to the mens rea element, the court observed that reciting the statutory elements in the indictment is not sufficient if the statutory language leaves

8

any "uncertainty or ambiguity." *Id.* (citing *Hamling*, 418 U.S. at 117–18). The court found that not alleging "which of the four types of malice aforethought [Lynn] allegedly engaged in" left him "with uncertainty or ambiguity about what the grand jury allege[d] he did or how the Government intend[ed] to prove its case." *Id.*

Here, the government's primary argument is that the indictment is sufficient because it alleges all the elements of the offense and includes a specific time frame, victim, and manner of death. [ECF No. 35 at 5]. The government contends that the indictment need not allege any specific way the defendant acted with malice aforethought because neither the statute nor the jury instructions require jurors to decide this issue, much less reach unanimity on it. [*Id.* at 3–5]. However, whether jurors are required to find unanimously which of the four ways a defendant acted with malice aforethought is not the issue before the Court. The issue is whether the indictment provides "fair notice" of the second degree murder charge.

The government's reliance on *United States v. Lame*, 716 F.2d 515, 516 (8th Cir. 1983) is also misplaced. In *Lame*, the defendant challenged the validity of the indictment, asserting it was "facially inadequate" because "it did not clearly allege second degree murder." *Id.* at 517. The Eighth Circuit found this argument "patently frivolous." *Id.* The indictment alleged, in relevant part, that "Lame…did unlawfully beat and strike [the victim], and

9

as a result … she did die on or about the 24th or 25th day of April 1982. Thus, [the defendant] did unlawfully and with malice aforethought, murder a human being ….." *Id.* at 517–518. The court held the indictment was "facially adequate" because it contained the elements of the offense, was "specific as to time and place to pinpoint the incident complained of and avoid[ed] double jeopardy problems." *Id.* Because the facts presented in *Lame* fail to show why the defendant alleged the charge was "unclear," the decision provides no helpful analysis for the issue presented in this case. At most, *Lame* provides support for the proposition that an indictment is generally sufficient if it sets forth the words of the statute and includes the date, place, and nature of illegal activity. This is already well established. *Hamling*, 418 U.S. at 117; *Doe*, 572 F.3d at 1173; *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). But "generally" does not mean "always."

The Court finds the Tenth Circuit's analysis in *United States v. Sweet* instructive. 107 F.4th 944. On a matter of first impression, the defendant in *Sweet* argued that his enticement conviction under 18 U.S.C. § 2422(b) "should be vacated because the indictment lacked sufficient factual detail to put him on notice" of the government's theory of guilt. *Id.* at 953. The Tenth Circuit held that the government "was not required to list in the indictment every unlawful 'sexual activity' to be proven at trial when charging a violation of 18 U.S.C. § 2422(b)." The court reasoned that the "core of

10

criminality" for a § 2422(b) offense "is not the performance of the sexual acts themselves" but rather "persuasion and the attempt to persuade." *Id.* (citations and internal quotation marks omitted). Therefore, the "core of criminality" did not turn on the *acts*, but rather the *intent* of the defendant.

Similarly here, the Tenth Circuit has observed that the four "mental states [of malice] make up the core murder intent." *Serawop*, 410 F.3d at 663. Therefore, an indictment that contains the elements of second degree murder but does not allege at least one of the mental states of malice is insufficient for failing to allege the "*core of criminality* under the statute." *Sweet*, 107 F.4th at 958 (quotation omitted) (emphasis in original).

The Court understands that "an indictment need not provide the defendant with the government's theory of the case." *United States v. Rosalez*, 711 F.3d 1194, 1210 (2013). However, to be sufficient, an indictment must do more than contain the elements of the offense and enable the defendant to assert acquittal or conviction if charged twice for the same offense. *Hamling*, 418 U.S. at 117. It must also "fairly inform[] a defendant of the charge against which he must defend." *Id.* Here, the indictment properly alleges the elements of the offense, but it fails to identify which of the four ways Payne acted with malice aforethought. The information not alleged in the indictment goes to the very *core of criminality* under the second degree murder statute, creatin ambiguity. That ambiguity leaves Payne without full

knowledge of the charge against which he must defend. This lack of "fair notice" renders the indictment constitutionally defective. *See Garcia-Limon*, 146 F.4th at 894 (the "fair notice" requirement is rooted in the Sixth Amendment). Thus, the second degree murder count of the superseding indictment must be dismissed.

Because the Court dismisses count one, it need not address whether presenting this count as charged would constructively amend the superseding indictment.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss [ECF No. 32] is GRANTED and count one of the superseding indictment is DISMISSED WITHOUT PREJUDICE.

**DATED** this 10th day of October, 2025.

                                                        Sara E. Hill
                                                        UNITED STATES DISTRICT JUDGE