IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JORDAN FRAZIER PAYNE,<br><br>    Defendant. | Case No. 25-CR-00168-SEH |

## OPINION AND ORDER

  The government has provided notice that it seeks to impeach Defendant Jordan Frazier Payne with his prior felony convictions. [ECF No. 37]. The government contends that these prior convictions are admissible because the defendant's credibility is "likely [to] be central to the trial because Payne was the only person (other than the deceased minor victim) present at the time of the offenses." [*Id*. at 4]. In addition, the government argues that there is little similarity between the charged offenses and defendant's previous offenses, and that these prior offenses have not become so aged as to lose all probative value. [*Id*. at 3–4].

  The government has identified three prior convictions it intends to use as evidence:

1. Driving a Motor Vehicle While Under the Influence of Alcohol, Case No. CF-2020-163, in the District Court of Creek County, State of Oklahoma, on August 27, 2020;

2. Actual Physical Control While Intoxicated, Case No. CF-2020-1259, in the District Court of Tulsa County, State of Oklahoma, on May 25, 2022;

3. Larceny of an Automobile, Aircraft or Other Motor Vehicle, Case No. CF-2020-296, in the District Court of Wagoner County, State of Oklahoma, on July 6, 2022;

[*Id.* at 1–2].

The defendant objects to admission of these prior offenses, arguing that his prior felonies have limited impeachment value. [ECF No. 38 at 3]. He argues that the drug and alcohol related offenses do not "bear on [his] character of truthfulness" and therefore "must be excluded." [*Id.*]. He further alleges that his previous conviction for larceny is inadmissible because it "does not bear any meaningful weight as to Mr. Payne's credibility and does not satisfy the test under Rule 609(a)(2)." [*Id.* at 4].

The defendant also maintains that because the prior criminal acts occurred more than five years ago that his brain today is "chemically distinct" from his brain at the time of those prior acts and that this weighs against admission. [*Id.* at 5]. Although the defendant concedes that the prior larceny conviction is different from the charged offenses, he takes issue with the government's contention that the two convictions involving driving or

controlling a motor vehicle under the influence of alcohol are also dissimilar to the charged offenses. [*Id.* at 6].

Rule 609(a)(1)(B) directs, in relevant part, that evidence of a criminal conviction for impeachment purposes "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). In the context of Rule 609, the Tenth Circuit has identified five factors for courts to consider when deciding whether to exclude evidence of a defendant's prior convictions: (1) the impeachment value of the defendant's prior offenses; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014).

1. **The Impeachment Value of Prior Offenses**

With respect to the first *Smalls* factor, the Tenth Circuit noted that "the implicit assumption of Rule 609 is that prior felony convictions have probative value" but that their probative value "necessarily varies with their nature and number." 752 F.3d at 1240 (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998)). The impeachment value of a defendant's prior crimes is more significant where the conviction "involves a crime that

bears on a defendant's credibility." *United States v. Barker*, 21-CR-175, 2023 WL 2663241, at *4 (E.D. Okla. March 28, 2023) (quotation omitted). However, under Rule 609(a) "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016) (cleaned up). The government has identified three previous felonies for impeachment purposes, but those felonies do not inherently involve dishonesty or false statements. This factor weighs only lightly in favor of admission.

## 2. The Dates of Conviction and Defendant's Subsequent History

Some courts have found that the probative value of prior convictions is higher when the convictions occur close in time to the charged offense because they indicate that the defendant's character has not been rehabilitated. *See, e.g., United States v. Field*, 625 F.2d 862, 872 (9th Cir. 1980) (conviction less than two years old was more probative than "comparatively older" convictions within the ten-year limit); *United States v. Romero*, No. 21-CR-00559, 2023 WL 2413812, at *5 (D.N.M. March 8, 2023) ("The date of the conviction ... occurred prior to the trial in this case and is close in time to be of relevance to the jury when considering [the defendant's] credibility."). Here, the prior offenses are roughly five years old and therefore

4

are presumptively admissible under Rule 609. Although defendant argues that these should be evaluated differently because he was only 26 years old when he committed the offenses, he provides no law in support of this contention, and the Court is aware of none. This factor weighs lightly in favor of admission.

### 3. The Similarity Between Defendant's Charged and Prior Crimes

Regarding the third factor, when prior convictions are similar to the crimes charged, there is a danger that the "jury will regard past convictions of similar crimes as evidence of ... a willingness to commit the crime charged." *United States v. Toney*, 27 F.3d 1245, 1254 (7th Cir. 1994) (quoting *United States v. Rein*, 848 F.2d 777, 783 (7th Cir. 1988)). Notably, the Tenth Circuit in *Smalls* found no abuse of discretion in the district court's determination that the defendant's prior convictions relating to altercations with the defendant's wife were "dissimilar enough from the murder charge such that a jury would not convict Smalls on the basis of propensity reasoning." 752 F.3d at 1239–40. Likewise here, the defendant's prior convictions for driving under the influence, actual physical control, and larceny are dissimilar enough from the second degree murder and child neglect charges to avoid improper propensity reasoning.[1]

---

[1] Although the Court has granted Defendant's motion to dismiss the second degree murder charge [ECF No. 44], the defendant raised his objection to the government's

The defendant argues, despite the significant factual distinctions between the charged offenses and prior convictions, there is nonetheless a "high likelihood of a jury inferring criminal propensity." [ECF No. 38 at 6]. He contends that the public perceives controlling or driving a vehicle under the influence of alcohol as acts that demonstrate a disregard for human life. [*Id.*]. He believes that the jury's knowledge of these prior offenses would lead it to believe that the defendant has a propensity to commit crimes which require a "malice aforethought" mens rea. [*Id.*] The defendant provides no citation to any legal authority in support of this argument, and the connection he suggests between the charged crimes and prior crimes is weak and unpersuasive.

Therefore, the risk is low that the jury will consider the defendant's prior convictions as evidence of his willingness to commit the crimes charged. I give considerable weight to this factor, noting that the Advisory Committee Notes to Rule 609 state that defendants "face a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Fed. R. Evid. 404 will be misused by a jury as propensity evidence despite their introduction

---

notice before the Court ruled on his motion to dismiss. Because dismissal of the second degree murder charge fails to change the weight the Court attributes to any of the *Smalls* factors, the Court analyzes Defendant's objection as if the charge is still pending.

solely for impeachment purposes." Rule 609 Advisory Committee Notes (1990). This factor weighs in favor of admission.

### 4. The Importance of Defendant's Testimony at Trial

Turning to the fourth factor, I will consider the importance of the defendant's testimony. Some courts have interpreted the *Smalls* decision to mean that if the defendant's testimony is central to the trial, the court should admit the prior convictions. *Romero*, 2023 WL 2413812, at *5. Other courts, however, have held that if the defendant's testimony is central to the trial, courts must be careful in admitting prior convictions if doing so would prevent the defendant from testifying. *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967) (the trial judge should decide whether it is "more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment"); *see also United States v. Ahaisse*, No.20-CR-0106, 2021 WL 2290574, at *3 (N.D. Okla. June 4, 2021) ("[T]he Court must determine whether apprehension of potential impeachment by prior convictions will cause the defendant to abstain from testifying, thus damaging his right to a full defense."); *United States v. Parson*, No. 21-CR-0112, 2021 WL 4523496, at *5 (N.D. Okla. Oct. 4, 2021) ("If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction."); *United States v. Freeman*, No. 20-CR-0142, 2021 WL 2222735, at *4 (N.D. Okla. June 2, 2021) (same).

Given the considerable importance of the defendant's testimony and the relatively low risk that the jury would consider his prior convictions as propensity evidence, admission of the prior convictions is unlikely to prevent the defendant from testifying. Accordingly, this factor weighs in favor of admission. *Gordon*, 383 F.2d at 940.

5. **The Centrality of Defendant's Credibility at Trial**

Last, courts must consider the centrality of the defendant's credibility at trial. *Smalls*, 752 F.3d at 1240. If a defendant's credibility is central to the trial, jurors should have access to information that will allow them to properly assess the defendant's testimony. *United States v. Johnson*, 720 F.2d 519, 522 (8th Cir. 1983) (importance of defendant's credibility is a reason to admit conviction to impeach). A defendant's credibility is important, for instance, "where a case is reduced to a swearing contest between witnesses." *Ahaisse*, 2021 WL 2290574, at *3.

Here, the victim cannot provide jurors with conflicting testimony and incite a "swearing contest" with the defendant. Instead, both sides appear to agree that the government will have to build its case using a combination of physical evidence, medical experts, and other witness testimony. [*Compare* ECF No. 37 at 4 *with* ECF No. 38 at 7–8]. Because the defendant's credibility is "not the deciding factor … [w]hen considering the presence of corroborating evidence," this factor could weigh slightly against admission. *Ahaisse*, 2021

WL 2290574, at *4. However, considering whether the defendant's credibility is a material consideration for the jury, I find that the jury's assessment of materiality central. *Ahaisse*, 2021 WL 2290574, at *3. Thus, this factor weighs in favor of admission.

Accordingly, upon consideration of all the *Smalls* factors, the Court finds that the government may introduce evidence of the defendant's prior convictions for impeachment purposes. However, if the defendant testifies, on cross-examination "it is improper for the prosecution to examine into the details of the crime for which the accused was convicted." *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977). Instead, the cross-examination must be confined "to a showing of the essential facts of convictions, the nature of the crimes, and the punishment." *Id*.

**IT IS THEREFORE ORDERED** that Defendant's Objection to Government's Notice of Intent to Offer Prior Convictions Pursuant to Rule 609 [ECF No. 38] is OVERRULED.

**DATED** this 15th day of October, 2025.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE